IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

GEORGE L. JONES,

    Petitioner,

vs.                              No. 13-1119-JDB-egb

HENRY STEWARD,

    Respondent.

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
(DOCKET ENTRY 9)
DENYING MOTION FOR ORDER TO BE RELEASED,
(DOCKET ENTRY 12)
DENYING MOTION FOR COURT TO RENDER A DECISION,
(DOCKET ENTRY 16)
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

On April 24, 2013, Petitioner, George Jones, Tennessee Department of Correction prisoner number 221227, an inmate at the Northwest Corrctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* petition for a writ of habeas corpus against Respondent, NWCX Warden, Henry Steward, pursuant to 28 U.S.C. § 2254, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.) In an order issued on April 30, 2013, the Court granted leave to proceed *in forma pauperis*. (D.E. 3.) On June 3, 2013, the Court directed Steward

to file an answer to the petition. (D.E. 4.) On June 26, 2013, Respondent moved to dismiss the petition as unexhausted. (D.E. 9.)

Jones was convicted by a Madison County Circuit Court jury of aggravated burglary, a Class C felony, and theft under $500, a Class A misdemeanor and sentenced to an effective term of ten years in prison. The Tennessee Court of Criminal Appeals affirmed his convictions on appeal. State v. Jones, No. W2011-02144-CCA-R3CD, 2012 WL 3192829 (Tenn. Crim. App. Aug. 6, 2012), *perm. app. denied* (Tenn. Nov. 21, 2012).

On September 28, 2012, the inmate petitioned for post-conviction relief alleging that he received ineffective assistance of trial counsel. (D.E. 9-2 at 1-2.) The trial court dismissed the petition on April 1, 2013. (Id.) Jones' appeal of the dismissal remains pending in the Tennessee Court of Criminal Appeals. (Id.)

Twenty-eight U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398, 79 L. Ed. 2d 557 (2011). The petitioner must "fairly

present"[1] each claim to all levels of state court review, up to and including the state's highest court on discretionary review, Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, O'Sullivan v. Boerckel, 526 U.S. 837, 847-48, 119 S. Ct. 1728, 1733-34, 144 L. Ed. 2d 1 (1999). Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court to "be deemed to have exhausted all available state remedies." Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003), *cert. denied*, 541 U.S. 956, 124 S. Ct. 1654, 158 L. Ed. 2d 392 (2004); *see* Smith v. Morgan, 371 F. App'x 575, 579 (6th Cir. 2010)("Adams not only requires the federal courts to ensure that the state courts have the first opportunity to review and evaluate legal claims . . . but also mandates that the federal courts respect the duly-promulgated rule of the Tennessee Supreme Court that recognizes the law and policy-making function of that court and the court's desire not to be entangled in the business of simple error correction.").

Because Jones' appeal of the dismissal of his post-conviction petition remains pending, it is apparent that he has not yet exhausted his state court remedies. A petitioner has not exhausted

---

[1] For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982)(per curiam)(internal citation omitted). Nor is it enough to make a general appeal to a broad constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996).

his state remedies if "he has the right under the law of the State to raise, by any available procedure, the question presented" to the district court. 28 U.S.C. § 2254(c). This petition presents no exhausted claims for review.

The Court has discretion to stay a prematurely filed § 2254 petition while the inmate exhausts his claims in state court. *See* Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Petitioner has not established that the Court should exercise its discretion to do so in this case. This habeas petition raises only unexhausted claims of ineffective assistance. (D.E. 1 at 5.) He must await the Tennessee Court of Criminal Appeals' resolution of his claims of ineffective assistance before proceeding in this forum.

The Court GRANTS Respondent's motion to dismiss the petition as unexhausted and DISMISSES the Petition without prejudice. Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199, 71 L. Ed. 2d 379 (1982). Judgment shall be entered for Respondent. Petitioner's motion for an order to be released (D.E. 12) is DENIED. His motion for the Court to render a decision (D.E. 16) is also DENIED as MOOT.

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must

4

issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and it must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Cockrell, 537 U.S. at 336, 123 S. Ct. at 1039; *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Cockrell, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not, however, issue a COA as a matter of course. Bradley, 156 F. App'x at 773. In this case, reasonable jurists cannot conclude that the Court abused its discretion in declining to stay the matter and hold the Petition in abeyance or in granting Respondent's motion to dismiss. Because any appeal by Petitioner

5

does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).  In this case, for the same reasons it denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

IT IS SO ORDERED this 14th day of January 2014.

                                           /s J. Daniel Breen
                                           J. DANIEL BREEN
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).